IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

     Plaintiff,                  No. 2:13-cv-0026 MCE GGH PS

   vs.

UC DAVIS, et al.,

     Defendants.          <u>ORDER</u>

_____/

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
5  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

6  A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9  "The pleading must contain something more...than...a statement of facts that merely creates a
10 suspicion [of] a legally cognizable right of action."  <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft
13 v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127
14 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
15 the court to draw the reasonable inference that the defendant is liable for the misconduct
16 alleged."  <u>Id.</u>

17 Pro se pleadings are liberally construed.  See <u>Haines v. Kerner</u>, 404 U.S. 519,
18 520-21, 92 S. Ct. 594, 595-96 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th
19 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
20 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
21 dismissal.  See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin</u>, 745 F.2d at 1230.

22 The complaint alleges that defendants UC Davis' Department of Political
23 Sciences and Linda Katehi have violated the Civil Rights Act and plaintiff's Fourteenth
24 Amendment rights because "they cherry pick students whom they see as worthy based upon
25 'ethnic,' 'gender,' 'race,' and income status to apply for its' political science program." (Compl.
26 at 2.)  Also alleged is that defendant has a pattern of offering certain courses to graduate students

only. (Id. at 3.) Plaintiff, although not alleging how these allegations have affected him, seeks relief in the form of enrollment in defendants' political science program free of charge for two years "on the grounds that the (emotional/psychological) manipulation of the defendant has caused perm[a]nent effects on (Plaintiffs) ability to excel in his profession being a politician." (Id. at 4.)[1]

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

\\\\\

---

[1] Plaintiff can be fairly characterized as a frequent filer of lawsuits in this court. During the period of November 4, 2010, through August 1, 2011, plaintiff filed 19 actions in this court. (See Graves v. Holder, No. 2:10-cv-02970 WBS EFB PS (E.D. Cal.); Graves v. Berrien, No. 2:10-cv-03015 MCE EFB PS (TEMP) (E.D. Cal.); Graves v. Clinton, No. 2:10-cv-03106 JAM DAD PS (E.D. Cal.) (closed); Graves v. Clinton, No. 2:10-cv-03128 JAM KJN PS (E.D. Cal.) (closed); Graves v. Clinton, No. 2:10-cv-03156 MCE KJN PS (E.D. Cal.); Graves v. Donahoe, No. 2:11-cv-00329 MCE EFB PS (E.D. Cal.); Graves v. Visek, No. 2:11-cv-00367 JAM GGH PS (E.D. Cal.) (closed); Graves v. Sebelius, No. 2:11-cv-00453 MCE EFB PS (E.D. Cal.); Graves v. Dept' of Health & Human Servs., No. 2:11-cv-01077 JAM GGH PS (E.D. Cal.); Graves v. Sutter Bd. of Directors, No. 2:11-cv-01078 JAM CMK PS (TEMP) (E.D. Cal.) (closed); Graves v. Sutter Bd. of Directors, No. 2:11-cv-01119 KJM KJN PS (E.D. Cal.); Graves v. U.S. Dep't of Health & Human Servs., No. 2:11-cv-01120 KJM KJN PS (E.D. Cal.); Graves v. UC Davis, No. 2:11-cv-01164 KJM KJN PS (E.D. Cal.); Graves v. Mendez, 2:11-cv-01316 KJM EFB PS (TEMP) (E.D. Cal.); Graves v. Johnson, No. 2:11-cv-01851 GEB GGH PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01943 GEB JFM PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01977 GEB JFM PS (E.D. Cal.) (closed); Graves v. Experien, No. 2:11-cv-01988 GEB JFM PS (E.D. Cal.); Graves v. The Big 3 Credit Agencies, No. 2:11-cv-02024 MCE GGH PS (E.D. Cal.).

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has also filed a "motion to remove judge without stating one word due to conflict interest." Although a judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1), the undersigned finds no reason to recuse himself here.

Plaintiff contends that the undersigned has a serious conflict of interest because he works for UC Davis or did so in the past. (Mot. at 3:14-15.)

The undersigned judge does not work for defendant and has never done so in the past. Nor does he have any financial interest in the subject matter or parties to the proceeding within the meaning of § 455(d)(2). Therefore, disqualification is not supported in any way. Plaintiff's request that the undersigned recuse himself is denied.

\\\\\

\\\\\

\\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted twenty-eight (28) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. Plaintiff's motion to recuse the undersigned, filed January 11, 2013, (dkt. no. 4), is denied.

DATED: April 11, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Graves0026.14.wpd